1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

## SOUTHERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| JOHN ROETTGEN,<br>CDCR #V05152,<br><br>                        Plaintiff,<br><br>vs.<br><br>MICHELLE DES JARDINS, *ET AL.*,<br><br>                        Defendants. | Civil No.     14-cv-02913-BAS(JMA)<br><br>**ORDER:**<br><br>**1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2)**<br><br>**AND**<br><br>**2)  DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) AND § 1915A(b)(1)** |

11
12
13
14
15
16
17
18
19
20

21      John Roettgen ("Plaintiff"), a prisoner currently incarcerated at Richard J.

22 Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding *pro se*,

23 has filed a civil complaint entitled "Application to Appear Before the Grand Jury." (ECF

24 No. 1.)

25      Plaintiff seeks a writ of mandamus compelling the U.S. Attorney General,

26 California's Attorney General, and one of her Assistant Supervising Deputy Attorneys

27 General, to convene a federal grand jury in order that he may present evidence of alleged

28

criminal conduct committed against him by several RJD officials and arising on July 8, 2013. (*See* Compl., ECF No. 1, at 5-7, 13-14.)

Plaintiff has not prepaid the $400 filing fee required by 28 U.S.C. § 1914(a) to commence a federal civil action; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2.)

## I.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of [his] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner

---

[1]  In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2 (ECF No. 3).  *Andrews*, 398 F.3d at 1119.  The Court has reviewed Plaintiff's trust account statement, as well as the attached prison certificate issued by a correctional official at RJD verifying his available balances.  Plaintiff's statements show that he has had no monthly deposits, has carried no balance, and had no available funds in his account during the 6-month period preceding the filing of this action, and nothing on the books at the time of filing.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350 balance of the filing fees mandated will be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   INITIAL REVIEW OF PLAINTIFF'S PLEADING

### A.   Standard of Review

Notwithstanding IFP status or the payment of any filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program,"

"as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A. Under these provisions of the PLRA, the Court must *sua sponte* dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2)(B)(ii) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus, while the court has an "obligation . . . where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations" are simply not "sufficient to withstand a motion to dismiss." *Ivey*, 673 F.2d at 268.

"The first step in a civil action in a United States district court is the filing of [a] complaint with the clerk or the judge." 4 Wright, Miller, Kane, Marcus & Steinman, Fed. Prac. & Proc. Civ. § 1052 (3d ed. 2002 & Supp. 2014); Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Pursuant to Federal Rule of Civil Procedure 8(a), each complaint must contain: "(1) a short and plain statement

of the grounds for the court's jurisdiction," . . . (2) a short and plain statement showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## B.    Plaintiff's Complaint

Plaintiff claims his case arises "from the unwillingness of the [Defendants] to allow [him] to inform the grand jury of violations of federal statutes 18 U.S.C. §§ 241, 242, 1001, 371, 1521(b)(3), as well as others, 18 U.S.C. § 1501," and is related to a specific incident of alleged excessive force committed against him by RJD correctional officials on July 8, 2013. (*See* Compl., ECF No. 1, at 5-6, 7.) He invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on purported violations of his First, Fifth and Fourteenth Amendment rights, and seeks a writ of mandamus pursuant to 28 U.S.C. §§ 1361 and 1651, as well as declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. (*Id.* at 6.)

## C.    Federal Criminal Code Violations

First, to the extent Plaintiff seeks to compel the prosecution of RJD officials based on their alleged violation of various federal criminal statutes, his Complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Lopez,* 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. This is because no private cause of action exists under any of the statutes Plaintiff cites. *See, e.g., Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming the dismissal of claims under 18 U.S.C. §§ 241 and 242 because the they "are criminal statutes that do

not give rise to civil liability"); *Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D. D.C. 2003) (18 U.S.C. § 371 does not contain a private right of action); *see also Dugar v. Coughlin*, 613 F. Supp. 849, 852 n. 1 (S.D.N.Y. 1985) (holding that prisoner could not sue directly under 18 U.S.C. § 371 nor use that statute as a predicate for an action under 42 U.S.C. § 1983); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (concluding that a claim alleging violation of 18 U.S.C. § 1001 was properly dismissed because it does "not provide for a private right of action and [is] thus not enforceable through a civil action"); *Rowland v. Prudential Fin., Inc.*, 362 F. App'x 596, 596-597 (9th Cir. 2010) (affirming dismissal of a claim under 18 U.S.C. § 1512 because the statute does not provide a private right of action); *McCrohan v. Town of Fairfax*, No. C 93 4194 BAC, 1994 WL 237372, at *3 (N.D. Cal. May 10, 1994) (noting that prohibitions against obstruction of justice found in 18 U.S.C. § 1501 et seq. are "concerned with obstruction of judicial proceedings" and "do[] not create a civil cause of action.") (citing *Harberson v. Hilton Hotels Corp.*, 616 F. Supp. 864 (D. Colo. 1985)).

### D.   Writ of Mandamus

Second, to the extent Plaintiff seeks mandamus relief in the form of an order compelling Defendants to convene a grand jury so that he may present evidence of criminal wrongdoing, he has also failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Lopez,* 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.  The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994).  Mandamus will only issue when:  "(1) the plaintiff's claim is 'clear and certain'; (2) the defendant official's duty to act is ministerial, and 'so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available." *Barron*, 13 F.3d at 1374 (citations omitted).  Generally, "mandamus may not be used to impinge upon an official's legitimate use of discretion." *Id.* at 1376.

Here, Plaintiff has failed to allege facts sufficient to show that his claims are "clear and certain," has failed to demonstrate that the Defendants' duty to act under the circumstances is ministerial and so plainly prescribed as to be free from doubt, and has failed to allege the absence of any other adequate remedy. *Id.* at 1374. The decision as to whether a criminal prosecution should proceed, and what charges may be filed or brought before a grand jury unquestionably lies within a prosecutor's discretion. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979); *cf. Jett v. Castaneda*, 578 F.2d 842, 845 (9th Cir. 1978) ("While district courts have certain responsibilities in connection with selecting, instructing, and supervising grand juries, . . . the investigation of crime is primarily an executive function. Nowhere in the Constitution or in the federal statutes has the judicial branch been given power to monitor executive investigations before a case or controversy arises."); *accord Olagues v. Russoniello*, 770 F.2d 791, 799-800 (9th Cir. 1985); *see also Powell v. Katzenberg*, 359 F.2d 234, 234 (D.C. Cir. 1965) (per curiam) ("It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General. Mandamus will not lie to control the exercise of this discretion."); *Bryan v. Def. Tech. U.S.*, No. CIV S-0-2241 KJM GGH P, 2011 WL 590902, at *3-4 (E.D. Cal. Feb.10, 2011) (unpublished) (collecting cases and concluding that mandamus relief does not lie to compel the United States Attorney to exercise his discretion to prosecute an alleged crime), *adopted by* 2011 WL 3585959 (E.D. Cal. Aug.16, 2011).[2]

---

[2]  Plaintiff claims his "evidence should be presented to the grand jury (and an indictment issued)" under the authority of *Application of ]Wood*, 833 F.2d 113 (8th Cir. 1987). (*See* Compl., ECF No. 1, at 13.)  *Wood* holds that while "an individual cannot bring accusations before a grand jury unless invited to do so by the prosecutor or the grand jury," the court may, once a grand jury proceeding is underway, exercise its "supervisory power [to] authorize an individual to appear before a grand jury if it feels that the circumstances require." *Id.* at 116.  The Ninth Circuit, however, has explicitly prohibited the exercise of a court's supervisory power if it would encroach on the prerogative of the executive branch to determine what evidence is presented to a grand jury "unless there is a clear basis in fact and law for doing so." *United States v. Chanen*, 549 F.2d 1306, 1313 (9th Cir. 1977).  Plaintiff has pleaded no such basis here, and admits no grand jury proceeding is already underway.  "[T]o enable individuals to present to a grand jury any complaint of purported criminal activity would interfere with the executive branch's prerogative to direct the enforcement of the laws, and thus would not be an appropriate exercise of judicial authority." *Phillips v. City of Oakland*, No.

1

### E.   Leave to Amend

Finally, while the Court would typically grant Plaintiff leave to amend in light of his *pro se* status, and in order that he may pursue the claims of excessive force and conspiracy he describes as having first arisen at RJD on July 2, 2013 pursuant to 42 U.S.C. § 1983, *see* Compl., ECF No. 1, at 7-11; doing so under the circumstances would be futile. *See Lopez*, 203 F.3d at 1127. Plaintiff is, in fact, already pursuing a separate civil action pursuant to 42 U.S.C. § 1983, in which he includes identical claims of excessive force and conspiracy allegedly committed by the same RJD officials he seeks to criminally prosecute in this action. *See Roettgen v. Paramo, et al.*, S.D. Cal. Civil Case No. 3:14-cv-02988-JAH-WVG (ECF No. 1, at 16-20); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). A complaint "that merely repeats pending or previously litigated claims" is subject to dismissal as frivolous pursuant to 28 U.S.C. § 1915(e). *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citations omitted); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) ("Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious.") (quotation omitted). "When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez*, 203 F.3d at 1127 n.8.

## III.   CONCLUSION & ORDER

For the reasons set forth above, the Court:

1)   **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2)   **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting

C07-3885 CW, 2008 WL 1901005, at *2 (N.D. Cal. Apr. 28, 2008) *aff'd sub nom. Phillips v. City of Oakland*, CA, 311 F. App'x. 14 (9th Cir. 2009).

monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding them to the Clerk of the Court each time the amount in his account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4.    **DISMISSES** this civil action without prejudice for failing to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) and § 1915A(b)(1).

5.    **DENIES** Plaintiff leave to amend as futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. Cal. Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

6.    **CERTIFIES** that an IFP appeal from this Order of dismissal to the Ninth Circuit Court of Appeals would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

**IT IS SO ORDERED**.

**DATED: April 6, 2015**

Hon. Cynthia Bashant
United States District Judge

14cv2913 BAS (JMA)